**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **WATCHWOOD, LLC,** | * | **Chapter 11 Case** |
| | * | |
| **Debtor.** | * | **Case No. 09-24690** |

| | | |
|---|---|---|
| **In re:** | * | |
| | * | |
| **BAHMAN, INC.,** | * | **Chapter 11 Case** |
| | * | |
| **Debtor.** | * | **Case No. 09-24692** |

**DEBTORS' MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015**

Watchwood, LLC, and Bahman, Inc., the above captioned Debtors and Debtors in possession (collectively, the "Debtors"), by counsel, respectfully represent:

1. On August 10, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors intend to continue in possession of their respective properties and the management of their respective business as Debtors' in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors are affiliates of one another and are formed for purposes of engaging in the business operations of a hotel located at 1910 Dual Highway, Hagerstown, Maryland 21740 (the "Hotel").

3. Watchwood, LLC, ("Watchwood") is a limited liability organized pursuant to laws of the state of Maryland. Watchwood utilizes the trade name Hagerstown Hotel and Convention Center and operates the day-to-day operations of the

Hotel. Watchwood also owns the furniture, fixtures and equipment of the Hotel. The sole member-manager of Watchwood is Bahman Rowhani.

4. Bahman, Inc., ("Bahman") is a corporation formed pursuant to the laws of the District of Columbia. Bahman is the owner of the 6.3 acres of improved real property upon which the Hotel is located. The President and owner of Bahman, Inc. is Bahman Rowhani.

5. The Debtors' principal place of business and headquarters is 1910 Dual Highway, Hagerstown, Maryland 21740.

6. As of the Petition Date, Watchwood employed approximately 60 persons either full-or-part-time. None of the Debtors are a party to any union contract.

7. The Debtors' financial difficulties have stemmed from a variety of factors including, but not limited to, the current economic downturn and ineffective management services provided by a former hotel management company. As a result of these and other factors, the Hotel's occupancy rates significantly dropped beginning in the fall of 2008 and continued through the early summer of 2009. Notwithstanding that business has improved over the last couple of months and that the prior hotel management company has been replaced with an in-house manager, the emergency filing of the above-captioned bankruptcy cases was necessitated to prevent a foreclosure sale of the improved real property by the Debtors' secured lender, Branch Banking and Trust, scheduled for August 10, 2009 at 11:00 a.m.

**RELIEF REQUESTED**

8. By this motion, the Debtors seek the entry of an order of the Court, pursuant to Bankruptcy Rule 1015, consolidating the Debtor's Chapter 11 cases for procedural purposes only.

9. Bankruptcy Rule 1015 authorizes the Court to order the joint administration of two or more cases pending before it under the Bankruptcy Code involving affiliated Debtors. The Debtors believe that it would be far more practical and expedient for the administration of these related Chapter 11 cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings and other matters involved in these Chapter 11 cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of two (2) separate, albeit related, Chapter 11 cases.

10. Moreover, no prejudice will befall any party by virtue of the relief requested in this motion inasmuch as the relief sought herein is solely procedural and is not intended to affect substantive rights.

**PROCEDURAL HISTORY**

11. No trustee, examiner or creditors' committee has been appointed in these Chapter 11 case. Notice of this motion has been given to the United States Trustee for the District of Maryland, Greenbelt Division. The Debtors submit that, under the circumstances no other or further notice is required.

12. This motion presents no novel issues of law.

13. No prior motion for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting this motion as such other and further relief as the Court deems just and proper.

Respectfully submitted,

McNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

/s/ Craig M. Palik
Craig M. Palik (Fed. Bar No. 15254)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
(301) 982-9450 (f)
cpalik@mhlawyers.com

Attorneys for Watchwood, LLC, and Bahman, Inc., Debtors

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 10th day of August, 2009, a copy of the foregoing Motion for Order Authorizing Joint Administration and proposed Order to the extent not served via CM/ECF was served via hand delivery upon the following:

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

/s/ Craig M. Palik
Craig M. Palik