

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| WATCHWOOD, LLC, | * | **Chapter 11 Case** |
| | * | |
| Debtor. | * | **Case No. 09-24690 TJC** |

---

### CONSENT ORDER AUTHORIZING DEBTOR'S INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND SETTING FURTHER HEARING

UPON CONSIDERATION of the Debtor's Emergency Motion for Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection (the "Motion") filed by Watchwood, LLC (the "Debtor"), and after notice and opportunity for hearing, and any opposition thereto; and without prejudice to either party's right to seek alternative or further relief in a subsequent interim order or Final Order, Debtor and Branch Banking & Trust Company ("BB&T") STIPULATE for all purposes in this Chapter 11 Case (as defined below), and, subject to entry of a subsequent interim order or a Final Order, the parties agree:

1.    On August 10, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.  Since the initiation of this bankruptcy case (the "Chapter 11 Case"), the Debtor has remained in possession of its property and continues to manage its financial affairs as Debtor-in-possession pursuant to Sections 1107

1

and 1108 of the Bankruptcy Code.

2.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Notice of the Motion and proposed entry of this Order has been provided by the Debtor to (i) the twenty (20) largest creditors listed in the Debtor's case, (ii) the U.S. Trustee, (iii) counsel to BB&T, and (iv) any parties who have requested notice in this bankruptcy case. The requisite notice of the Motion and the interim relief requested thereby and this Order has been provided in accordance with Bankruptcy Rule 4001, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, sections 102(1) and 363 of the Bankruptcy Code, and no other or further notice need be provided for entry of this Order.

4.      The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2).  Absent entry of this Order, the Debtor's business, property and estate will be irreparably harmed.

5.      The Debtor acknowledges, agrees and stipulates that: (i) as of the Petition Date, the Debtor was indebted to BB&T pursuant to various prepetition loan documents as the same may have been amended, supplemented or otherwise modified from time to time (together, the "Prepetition Loan Documents"), and that BB&T claims an aggregate amount of $5,814,320.39, including interest, fees, costs and charges, plus additional sums for legal fees, court costs and expenses, all as provided for under the Prepetition Loan Documents (the "Prepetition Indebtedness") and (ii) as collateral for the Prepetition Indebtedness, the Debtor granted to BB&T, *inter alia*, a security interest in and lien upon, among other things, (collectively, the "Prepetition Liens") all of the Debtor's right, title and interest, created or arising, and located on

2

or used in connection with the real property located at 1910 Dual Highway, Hagerstown, Maryland (the "Premises"), including (i) goods, including all goods and timber to be cut; (ii) inventory, including all returned inventory; (iii) accounts, including all contract rights and health-care-insurance receivables; (iv) equipment including all accessions thereto and all manufacturer's warranties, parts and tools therefore  (v) general intangibles, including all payment intangibles, copyrights, trademarks, patents, trade names, tax refunds, company records (paper and electronic), rights under equipment leases, warranties, software licenses, and all rights under a license and franchise agreement with Sheraton , LLC; (vi) deposit accounts with BB&T; and (vii) all proceeds (cash and non-cash) of the foregoing. (together, the "Prepetition Collateral").

6.      For the purposes of this Order, the Debtor's accounts and cash proceeds received therefrom constitute property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code and constitute cash collateral within the meaning of Section 363(a) of the Bankruptcy Code and may be used by the Debtor only with the consent of BB&T or upon further Order of this Court.

7.      The Debtor has moved for authorization to use cash collateral and to grant adequate protection to BB&T to protect BB&T's liens and security interests in the Debtor's accounts, cash and cash equivalents and proceeds received therefrom, including the Prepetition Liens, and subject to the terms and provisions of this order, BB&T has consented to the Debtor's use of its cash collateral.

8.      The immediate use of cash collateral by the Debtor is necessary to avoid immediate and irreparable harm to the Debtor's bankruptcy estates.

9.      The Office of the United States Trustee has reviewed this Consent Order and

3

advises that there are no objections to its entry;

**NOW THEREFORE**, in consideration of the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

**ORDERED**, That the Motion is GRANTED, subject to and conditioned upon the terms of this ORDER.  Any objections that have not previously been withdrawn are hereby overruled. This ORDER shall immediately become effective upon its entry; and it is further

**ORDERED**, That all of the Debtor's accounts, including, without limitation, all cash proceeds therefrom and other amounts on deposit or maintained by the Debtor in any account with BB&T and any cash proceeds of the disposition of any Prepetition Collateral existing as of the Petition Date, constitute proceeds of the Prepetition Collateral and, therefore, for purposes of this Order are cash collateral of BB&T within the meaning of section 363(a) of the Bankruptcy Code; and it is further

**ORDERED**, That, to avoid immediate and irreparable harm to their bankruptcy estates, the Debtor is hereby authorized to use the Prepetition Collateral, including the cash collateral, during the period from the date of entry of this Order through and including September 12, 2009 (the "Termination Date") for general corporate purposes in accordance with the terms and conditions of this Order and the Debtor's budget (attached as **Exhibit A**) or a five (5%) percent line-item variance thereof which shall not carry over to the next budget period; provided, however, that BB&T is granted adequate protection as hereinafter set forth; and it is further

**ORDERED,** That BB&T's consent to the Debtor's use of cash collateral shall immediately and automatically terminate (except as BB&T may otherwise agree in writing in its sole discretion) upon the earliest to occur of (i) the Termination Date or (ii) upon the occurrence of an Event of Default (as hereinafter defined); and it is further

**ORDERED,** That BB&T is entitled, pursuant to sections 361 and 363(c)(2) of the Bankruptcy Code, to adequate protection, which is hereby granted retroactive to the Petition Date, of its interests in the Prepetition Collateral, including the cash collateral, in an amount equal to the aggregate diminution in value, if any, of such interests from and after the petition date (a "Diminution in Lien Value"), including, without limitation, any such diminution resulting from the sale, lease or use by the Debtor (or other decline in value) of cash collateral and any other Prepetition Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code.  The Debtor's obligations in this paragraph are hereinafter referred to as the "Adequate Protection Obligations."   BB&T is hereby granted a valid, enforceable, perfected replacement security interest in and lien on all of the Prepetition Collateral (the "Adequate Protection Liens"), to the extent of any Diminution in Lien Value, retroactive to the Petition Date; and it is further

**ORDERED,** That to the extent provided by Bankruptcy Code section 507(b), if the Adequate Protection Liens are insufficient to protect BB&T then BB&T shall have an allowed superpriority claim as provided in section 507(b) of the Bankruptcy Code (the "507(b) Claim") against the Debtor and all property of its estate in an amount equal to the Diminution in Lien Value, if any, with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including without limitation, sections 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113 and 1114 of the Bankruptcy Code, whether or not such expenses or claims arise in this case or in any subsequent cases or proceedings under the Bankruptcy Code that may result therefrom, including, without limitation,  proceedings under chapter 7 of the Bankruptcy Code, subject and subordinate to only United States Trustee fees payable pursuant to 28 U.S.C. § 1930; and it is further

**ORDERED**, That the liens and security interests granted hereby, including the Adequate Protection Liens, shall become and are duly perfected without the necessity for the execution, filing or recording of financing statements, security agreements and other documents which might otherwise be required pursuant to applicable non-bankruptcy law for the creation or perfection of such liens and security interests.  Notwithstanding the foregoing, BB&T may, in its sole discretion, file such financing statements, security agreements, mortgages, deeds of trust, notices of lien, or similar instruments or otherwise confirm perfection of such liens, security interests, and mortgages consistent with this Order without seeking modification of the automatic stay under section 362 of the Bankruptcy Code, and all such documents shall be deemed to have been filed or recorded at the time of and on the petition date; and it is further

**ORDERED**, That the Debtor shall use the proceeds of the Prepetition Collateral (including the cash collateral) solely as provided in this Order and the attached budget.  BB&T shall have no duty to any other party in interest or the Court to monitor or ensure the Debtor's compliance with the budget and shall not be obligated to pay (directly or indirectly from any of its collateral or otherwise) any unpaid expenses that may have been within contemplation of the budget when incurred; and it is further

**ORDERED,** That notwithstanding any other term to the contrary in this Order, unless specifically provided for in the approved budget, (a) cash collateral may not be used to pay to or for the benefit of Debtor or any principal, shareholder, or insider of Debtor, whether directly or indirectly, except as approved and agreed in writing by BB&T, and (b) cash collateral shall not be used to pay any fees and expenses incurred in connection with the initiation, prosecution of, or joinder in any claims, causes of action, adversary proceedings, or other litigation against BB&T (any such action an "Adverse Action") including, without limitation, (i) challenging the

validity, extent, perfection, priority, characterization, or enforceability of, or asserting any

defense, counterclaim, or offset to the Prepetition Indebtedness or the liens and security interests

of BB&T in the Prepetition Collateral; (ii) allowing any recovery or surcharge against the

Prepetition Collateral pursuant to section 506(c) of the Bankruptcy Code; (iii) ordering the

substantive consolidation of the Debtor with any other entity or person; (iv) authorizing the use

of cash collateral without the consent of BB&T; (v) authorizing the Debtor to obtain post-

petition loans or other financial accommodations pursuant to section 364(c) or (d) of the

Bankruptcy Code without consent of BB&T; or (vi) granting any monetary, injunctive or other

affirmative relief against BB&T or its Prepetition Collateral; and it is further

ORDERED, That the Debtor shall furnish to BB&T, once every two weeks, a written

report of its operations for the preceding two weeks, which shall include all receipts, collections,

disbursements, payments, cash balances and the like, in form and substance reasonably

satisfactory to BB&T (in addition to, and not in replacement of, those reporting obligations that

the Debtor may have under the Prepetition Loan Documents); and it is further

ORDERED, That Debtor shall immediately provide BB&T with proof the Prepetition

Collateral is insured in the amounts and against the risks described in the Prepetition Loan

Documents, that BB&T is a named co-insured under all policies of insurance in effect and a

named notification party under any such policies of insurance and binders therefore, and that all

premiums required to be paid for such insurance have been paid.  As an express component of

Debtor's obligations under this paragraph Debtor shall immediately provide BB&T with copies

of all such policies of insurance and/or binders therefore; and it is further

ORDERED, That the Debtor shall be in default of its obligations under this Order upon

the occurrence of any of the following events (each such event, being an "Event of Default"):

a.    The Debtor seeks an order to convert the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code or an order is entered converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code;

b.    The Debtor files a motion seeking an order, or an order is entered, that by its terms would (i) permit any administrative expense claim or any claim (now existing or hereafter arising, of any kind or nature whatsoever) to have administrative priority equal or superior to the priority of BB&T or (ii) grant or permit the grant of a Lien on any Prepetition Collateral;

c.    An order is entered by the Bankruptcy Court granting relief from the automatic stay that allows any person to collect, repossess, or foreclose upon any portion of the Prepetition Collateral;

d.    A motion is filed by the Debtor to sell assets outside the ordinary course of business pursuant to Section 363 of the Bankruptcy Code without BB&T's consent;

e.    There shall be any payment on, or application by the Debtor for authority to pay, or any order entered authorizing any payment on, any pre-petition claim without BB&T's express prior written consent ; or

f.    The Debtor fails to comply with any terms and conditions of this Order including, without limitation, compliance with the budget; and it is further

**ORDERED,** That upon the occurrence of an Event of Default, BB&T shall provide Debtor with written notice of such Default via fax or e-mail delivery, and immediately upon service of the notice of default, (i) BB&T's consent regarding Debtor's use of the cash collateral pursuant to this Order is terminated without further notice; (ii) Debtor shall not use any cash

collateral for any purpose; and (iii) Debtor shall hold and segregate all cash collateral pending further order of the Court; and it is further

**ORDERED**, That, notwithstanding any other provision hereof, the grants of adequate protection pursuant hereto are without prejudice to the rights of BB&T to seek modification thereof so as to provide different or additional adequate protection and to seek relief from the automatic stay and without prejudice to the right of the Debtor to contest any such requested relief or modification. Except as expressly provided herein, nothing contained in this Order (including, without limitation, the authorization to use cash collateral) shall impair or modify any rights, claims or defenses available in law or equity to the Debtor and to BB&T; and it is further

**ORDERED,** That nothing contained herein shall preclude any party-in-interest from seeking modification of this Order upon appropriate motion to this Court and after proper notice to the Debtor, BB&T, and parties in interest; and it is further

**ORDERED,** That the provisions of this Order shall be binding upon and inure to the benefit of BB&T, the Debtor, and their respective successors and permitted assigns; and it is further

**ORDERED**, That the provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order (i) converting the case to a Chapter 7 case; or (ii) dismissing the case, and the terms and provisions of this Order as well as the Adequate Protection Liens granted pursuant to this Order shall continue in full force and effect notwithstanding the entry of any such order, and such claims and liens shall maintain their priority as provided by this Order and to the maximum extent permitted by law; and it is further

**ORDERED**, That this Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon the entry thereof; and it is further

**ORDERED**, That a further hearing to consider the relief requested in the Motion is scheduled for the time and date set forth on top of the first page of this Order. The Debtor shall promptly mail copies of this Order (which shall constitute adequate notice of the final hearing) to those parties having been given notice of the emergency interim hearing on the Motion, any other person required by applicable rules of bankruptcy procedure to receive such notice and to any other party that has filed a request for notices with this Court. Any party-in-interest objecting to the relief sought at the final hearing shall serve and file written objections; which objections shall be served upon: (a) McNamee, Hosea, Jernigan, Kim Greenan & Lynch, P.A., 6411 Ivy Lane, Suite 200, Rockville, MD 20770, Attn: Craig M. Palik, Esq., Attorneys for the Debtor; (b) Richard E. Hagerty, Esq. and Laura N. Begun, Esq., Troutman Sanders LLP 1660 International Drive, Suite 600, McLean, VA 22102, Attorney for BB&T, and (c) the Office of the United States Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770, and shall be filed with the Clerk of the United States Bankruptcy Court, in each case to allow actual receipt by the foregoing no later than three business days prior to the time and date set forth on the first page of this Order.

SEEN AND AGREED:

/s/ Craig M. Palik
_____
Craig M. Palik, Esq. (Fed. Bar No 45728)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Counsel for Watchwood, LLC

/s/ Richard E. Hagerty
_____

Richard E. Hagerty, Esq. (Fed. Bar No. 05646)
Laura N. Begun, Esq. (Fed. Bar No. 17129)
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102

Counsel for Branch Banking and Trust


## CONSENT CERTIFICATION

     I HEREBY CERTIFY that the foregoing proposed Consent Order has been endorsed by all necessary parties.

/s/ Craig M. Palik
_____

Craig M. Palik, Esq


cc:

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Richard E. Hagerty, Esq.
Laura N. Begun, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102

All requesting notice

## END OF ORDER

**WATCHWOOD LLC**
**30 DAY PROJECTED  STATEMENT OF INCOME & EXPENSES**
**AUGUST 13, 2009 - SEPTEMBER 12, 2009**

|  | Combined |
|---|---|
| **Revenue:** |  |
| Room revenue | 65,000.00 |
| Food & Beverage | 60,000.00 |
| **Total Revenue** | **125,000.00** |
|  |  |
| **Cost of Sales:** |  |
| Purchase food & beverage | 16,200.00 |
| **Total Cost of Sales** | **16,200.00** |
|  |  |
| **Cost of Labor:** |  |
| Wages & Salaries | 61,000.00 |
| **Total Cost of Labor** | **61,000.00** |
| **Gross Profit** | **47,800.00** |
|  |  |
| **Operating Expenses:** |  |
| Advertising & Marketing | 2,000.00 |
| Bank & credit card discount fee | 2,200.00 |
| Cable & TV & Internet | 1,200.00 |
| Commission | 500.00 |
| Front Desk Supplies & Reservation | 750.00 |
| Guest Supplies | 7,000.00 |
| Insurance: Liability | 4,500.00 |
| Landscaping | 500.00 |
| License & permit | 150.00 |
| Maintenance & repair | 1,750.00 |
| Music & entertainment | 1,500.00 |
| Office supplies & expenses | 500.00 |
| Payroll taxes | 6,000.00 |
| Postage & delivery | 150.00 |
| Pest control | 400.00 |
| Rental equipment | 600.00 |
| Printing Materials | 750.00 |
| Real Estate Tax | 4,000.00 |
| Trash removal | 800.00 |
| Telephone | 850.00 |
| Utility Deposits | 2,786.00 |
| Utilities | 20,500.00 |
| **Total Operating Expenses** | **59,386.00** |
| **Net Income(Loss) from operation** | **(11,586.00)** |
|  |  |
| **Fixed Charges:** |  |
| Building Insurance | 4,000.00 |
| **Total Fixed Charges** | **4,000.00** |
| **Net Income(Loss)** | **(15,586.00)** |



ALL-STATE LEGAL®

EXHIBIT

A